Jeffrey Lynn Dial/17417-075
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY LYNN DIAL, | Civil Action No. <u>07-0363 ESH</u> |
| Petitioner, | |
| vs. | |
| ALBERTO GONZALES, ESQ., ATTORNEY GENERAL FOR THE "UNITED STATES," | |
| and | |
| HARLEY G. LAPPIN, DIR., FEDERAL BUREAU OF PRISONS, | |
| Respondents. | |

<u>MOTION FOR RECONSIDERATION TO DISMISS PETITION</u>

<u>AND FOR ORDER OF SHOW CAUSE</u>

**COMES NOW,** Jeffrey Lynn Dial, Petitioner, in want of counsel, pro-se, and moves for this Honorable Court of Ellen S. Huvelle to revisit it's ruling of February 26, 2007: dismissing petition without prejudice and denial of Motion to Request Judicial Notice as moot. Petitioner further requests for this court to issue an Order to Show Cause.

<u>ARGUMENT(S)</u>

Petitioner is currently incarcerated at the Federal Correction

///// - 1

Complex in Oakdale, Louisiana. The court argues that the proper method for Petitioner to challenge the jurisdiction of his Federal Court sentence is through Section §2255, as well to attack the Constitutionality of his sentence should be raised in a motion under §2255 to vacate, set aside or correct the sentence as cited in **Taylor v. United States Bd. of Parole**, 194 F.2d 882 (D.C. Cir. 1952).

Section §2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the grounds that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, **may move the court which imposed the sentence to vacate, set aside or correct the sentence.**

Additionally, this court argues that the ability to challenge a conviction by motion to vacate sentence is generally precluded by a petition for Habeas Corpus:

> [a]n application for a Writ of Habeas Corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28: U.S.C. §2255], **shall not be entertained** if it appears that the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**

28: U.S.C. §2255 (emphasis added).

The argument being that §2255 by motion is inadequate to test the legality of Petitioner's detention. Subsection 2255, of Title 28, of the United States Code, is inapplicable and without the force or effect of law where it is shown not to have been

///// - 2

enacted by Congress, into Federal law. The Congressional Record, Vol. 94-Part 7 (June 15, 1948 to June 19, 1948) pp. 8229-9169, and Vol. 94-Part 8 (July 26, 1948 to December 31, 1948) pp. 9353, reveal that Congress was not assembled in session on the date(s) that Titles 3, 18, 21, and 28 are purported to have been enacted into law by Congress.

The United States District Court, wherein the cause herein complained of arose, is shown to be an Executive Tribunal Court without Article III judicial authority. This assertion is supported by consulting Supreme Court Rule 45, The Revised Statutes of 1878, The Judiciary Act of March 3, 1911, Executive Order 6166, **Balzac v. Porto Rico,** (1922), **Mookine v. United States,** (1938). Thus, not authorized to entertain the cause now before the court.

Thus, the court, in similar matters (**Common Law Writ of Habeas Corpus**), appears to be resorting to inapplicable statutory provisions to remove the cause to a court which the court knows lacks the authority under Article III to entertain the matter. Thereby the sustainment of an unlawful conviction and term of imprisonment **via** subterfuge and noncompliance with the law (a Malcum In Se Crime?) whereby the Accused/Petitioner Jeffrey Lynn Dial, is deprived a remedy-in-law to redress a grievance.

It is for the foregoing and following reasons that the Petitioner has brought his instant cause under the **Common Law Writ of Habeas Corpus,** and invoked the venue and jurisdiction of an Article III, Constitutional Court.

It is therefore incumbent upon this court, in the interest of justice, by and through the Judicial Notice [recieved by this

court on an earlier date], as a neutral party between both Petitioner Jeffrey Lynn Dial, and respondents, upon its own motion, to issue an **ORDER TO SHOW CAUSE** to the respondents why a **Writ of Habeas Corpus** should not issue, in their 'showing' based upon the facts and points raised in the Writ itself.

Date: 3-7 ,2007                    Respectfully Submitted by,

                                   /s/ Jeffrey Dial
                                   Jeffrey Lynn Dial/pro-se

///// - 4