RECEIVED

APR 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Let this
be filed
ESH
4/5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY LYNN DIAL, | Civil Action 07-0363(ESH) |
| Petitioner, | |
| v. | |
| ALBERTO GONZALES, | |
| Respondents. | |

### RESPONSE TO COURT'S DENIAL FOR RECONSIDERATION AND MOTION FOR TRANSFER TO WESTERN DIST. OF LOUISIANA

**Petitioner** brought this action seeking a **writ of habeas corpus** under 28 U.S.C. §2241. The Court denied Petitioner's writ and dismissed his claim for lack of jurisdiction.

**COMES NOW**, Petitioner, pro-se, for want of counsel and moves this Honorable Court for an Order transferring this matter to the United States District Court of Western District of Louisiana. It clearly states in **Perkins v. Henderson**, 881 F.Supp. 55, 59 n.4 (D.D.C. 1995)("It is well settled in this jurisdiction and elsewhere that §2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement")

In this Court's response to Petitioner's motion for reconsideration it argues, "Plaintiff's claim that this Court is not one with

///// - 1

jurisdiction under Article III of the Constitution is equally frivolous.  See **Roell v. Withrow**, 538 U.S. 580, 588  2003)."  This case dealt with  the parties express consent to the proceeding before a Magistrate Judge and the lack of consent destroying the jurisdiction.  And that, "embodies a strong policy" of ensuring that litigants waive their rights to an Article III judge knowingly and voluntarily.  The requirement of consent is not a mere "technicality."  Sections 636(c)(1), 636(c)(2), and 636(c)(3) reference consent explicitly and require it as a precondition for the exercise of a magistrate judge's authority and of a court of appeals' review of the magistrate judge's judgment.  The foregoing indicates the importance of consent as a touchstone of this statutory scheme.  Thus, absence of consent is a jurisdictional defect and a court of appeals must raise such a defects **sua sponte**,... 155 L.Ed.2d at 792.  And <u>United States v. Hayman</u>, 342 U.S. 205, 211-19 (1952) deals with petitioner being  present to testify in a civil or criminal matter.

**WHEREFORE,** it is incumbent upon this Court to transfer this instant matter to the Western District of Louisiana, where the Petitioner is incarcerated, so that the court can make ruling(s) accordingly and issue a Show Cause Order upon the Respondents, at their principle place of business.

Date:  March 29, 2007                              Respectfully submitted
                                                   by:
                                                   _____
                                                   Jeffrey Lynn Dial

///// - 2